# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1212V
UNPUBLISHED

| | |
|---|---|
| PATRICIA G. HUSTEAD,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 8, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine & Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On September 16, 2020, Patricia Hustead filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered "a Table Injury of [the] [r]ight shoulder as a result of the influenza and DTap vaccines[3] . . . [she] received on October 11, 2018." Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Medical records reflect that Petitioner received the Tdap vaccine rather than the DTaP vaccine. Ex 1 at 7.

On November 3, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a right SIRVA. On December 8, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $51,110.60. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.[4]

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $51,110.60 in the form of a check payable to Petitioner.** This award consists of: (1) $50,000.00 in pain and suffering and (2) $1,110.60 for past unreimbursable expenses. *Id*.

These amounts represent compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] As noted in the Ruling on Entitlement, Petitioner also received Pneumovax, a pneumococcal polysaccharide vaccine, in her right shoulder on the same date as her Tdap and flu vaccinations. ECF 25 at 1 n.4. Pneumovax is not a covered vaccine listed in the Vaccine Injury Table. *See* 42 C.F.R. § 100.3. Respondent indicates in the proffer that he has "concluded that compensation is appropriate in this case because [P]etitioner's injury is consistent with SIRVA as a result of the flu and Tdap vaccines she received on October 11, 2018." ECF 29 at 1 n.3. Pneumovax "was not included in this concession, and is not included in this proffer." *Id.*

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PATRICIA G. HUSTEAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 20-1212V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On September 16, 2020, Patricia G. Hustead ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered "a Table Injury of [the] [r]ight shoulder as a result of the influenza and DTaP[1] vaccines . . . [she] received on October 11, 2018."[2]  Petition at 1.  On November 3, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that compensation be awarded for a shoulder injury related to vaccine administration ("SIRVA"),[3] and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation the same day.  ECF No. 24; ECF No. 25.

---

[1] Petitioner received a Tdap vaccine, not a DTaP vaccine.  Exhibit ("Ex.") 1 at 7.

[2] Petitioner also received Pneumovax, which is a pneumococcal polysaccharide vaccine, in her right shoulder on the same date.  Ex. 1 at 7.  Pneumovax is not a covered vaccine listed in the Vaccine Injury Table ("Table").  *See* 42 C.F.R. § 100.3.

[3] Respondent concluded that compensation is appropriate in this case because petitioner's alleged injury is consistent with SIRVA as a result of the flu and Tdap vaccines she received on October 11, 2018.  As noted above, Pneumovax is not a covered vaccine listed in the Table, was not included in this concession, and is not included in this proffer.

I.  **Items of Compensation**

   A.  **Pain and Suffering**

Respondent proffers that petitioner should be awarded $50,000.00 in actual pain and suffering.  Petitioner agrees.

   B.  **Past Unreimbursable Expenses**

Evidence supplied by petitioner documents Patricia G. Hustead's expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded past unreimbursable expenses in the amount of $1,110.60, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[4]:  a lump sum payment of $51,110.60, representing compensation for pain and suffering ($50,000.00), and past unreimbursable expenses ($1,110.60), in the form of a check payable to petitioner, Patricia G. Hustead.

---

[4] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

### III. Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Patricia G. Hustead:                $ 51,110.60

                        Respectfully submitted,

                        BRIAN M. BOYNTON
                        Acting Assistant Attorney General

                        C. SALVATORE D'ALESSIO
                        Acting Director
                        Torts Branch, Civil Division

                        HEATHER L. PEARLMAN
                        Deputy Director
                        Torts Branch, Civil Division

                        DARRYL R. WISHARD
                        Assistant Director
                        Torts Branch, Civil Division

                        s/ Sarah C. Duncan
                        SARAH C. DUNCAN
                        Trial Attorney
                        Torts Branch, Civil Division
                        U.S. Department of Justice
                        P.O. Box 146
                        Benjamin Franklin Station
                        Washington, D.C. 20044-0146
                        Tel:  (202) 514-9729
                        Email:  sarah.c.duncan@usdoj.gov

DATED:  December 8, 2021